# THE CHICAGO AND NORTH WESTERN RAILWAY COMPANY
## *v.*
## THE BOARD OF SUPERVISORS OF LEE COUNTY.

TAXES — *roadway of a railroad company must be valued as real estate, including improvements.* The improvements made upon the real estate belonging to a railroad company, occupied and fitted for use as a roadway, must be taken into account, in fixing its value for the purposes of taxation.

APPEAL from the Circuit Court of Lee county; the Hon. W. W. HEATON, Judge, presiding.

The facts in this case sufficiently appear in the opinion.

Messrs. SCAMMON, McCAGG & FULLER, and Mr. GEORGE P. GOODWIN, for appellants.

Mr. JAMES K. EDSALL, for appellees.

Mr. JUSTICE BREESE delivered the opinion of the Court:

Opinion of the Court.

This was an appeal from the Circuit Court of Lee county, by the Chicago and North Western Railway company, from a judgment rendered by that court in favor of the board of supervisors of Lee county.

The case differs from the case of *The Board of Supervisors of Bureau County* v. *The Chicago, Burlington and Quincy Railroad Company, ante,* p. 229, and the case of *The Chicago and North Western Railway Company* v. *The Board of Supervisors of Boone County, ante,* p. 240. The difference is presented by the first point argued by appellants, and that is, that, under the revenue law of 1855, the real estate or " land " of a railroad company can be valued only as land, without regard to the cost of fitting it for use as a railroad, or of preparing it for receiving the track and superstructure. That it can only be valued as land by superficial measure, like other lands in that place and neighborhood.

The statute declares that the real property owned or occupied by a railroad company in each county, town and city through which it may run, and the actual value of each lot or parcel of land, including the improvements thereon, except the track or superstructure of the road, shall be annexed to the description of such lot or parcel of land. Such list must set forth the number of acres taken for right of way, stations, or other purposes, from each tract of land through which the road may run, etc., giving the width of the strip or parcel of land, and its length through each tract, also the whole number of acres and the aggregate value thereof in the county, town and city; all this property is denominated " real property."

The counsel for appellants insist, that the land occupied as the right of way, and fitted for use as such, by grading, filling, culverts and bridges, should be assessed as land only, without regard to the work upon it.

We cannot concur in this view. The legislature have declared that this strip of land shall be particularly described in the schedule, and, with the improvements upon it, shall be taxed at its value. There can be no doubt on this point.

An objection is made by appellants to the form of the verdict, they insisting that it cannot be executed.

So far as appellants are affected by it, there can be no doubt but a proper mode will be adopted, by which the county authorities will dispose of the money when appellants pay it. This is all, we think, which concerns them. The mode or manner in which the authorities may distribute it among the several towns concerns the county alone.

The cross errors, for reasons we have given in the cases referred to, decided by this court at the present term, are not well assigned.

Perceiving no error in the record, the judgment of the Circuit Court must be affirmed.

*Judgment affirmed.*